STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        Docket No. CV-06-109
                                        JL-H   PEN - 12/12/2006

Daniel A. Briggs,
        Plaintiff

FILED & ENTERED
SUPERIOR COURT
DEC 12 2006
PENOBSCOT COUNTY

v.                              Order

DONALD L. GARBRECHT
LAW LIBRARY

JAN 17 2007

New Life Mission,
        Defendant

The court has reviewed the parties' submissions on the pending pretrial motions.

The plaintiff's motion for reconsideration is denied. In his motion, he correctly notes that a meeting may not have been held on October 7, 2000, which is the execution date of the instrument at issue here. Nonetheless, and notwithstanding the provisions of 13-B M.R.S.A. § 708, the circumstances of Oliver's execution of the document are sufficient to raise questions of whether the plaintiff in fact could have reasonably concluded that Oliver was acting with the defendant's authority.

The defendant's motion for relief from the requirements of M.R.Civ.P. 9(b) is denied without prejudice to its right to move to amend its responsive pleading in the event that there develops a basis for such an amendment. However, in direct response to the defendant's motion, the court declines to issue a ruling based on evidence that may or may not exist and that may or may not generate a claim for relief.

The plaintiff's motion to dismiss the defendant's counterclaim as a whole is denied. Although 26 M.R.S.A. § 626 would not allow the defendant to proceed with its counterclaim, the plaintiff has also alleged a claim for common law breach of contract, which, unlike his statutory claim, does not bar a counterclaim. Thus, although the plaintiff's statutory cause of action for unpaid wages cannot be affected by the counterclaim, that counterclaim is made proper because of the additional count in the complaint.

1

The plaintiff also has moved to dismiss counts 2 and 3 of the counterclaim specifically (alleging fraud and constructive fraud), because, he argues, the defendant has not alleged the factual basis for those claims with sufficient particularity. The defendant does not attempt to sustain counts 2 and 3 with an argument that the allegations are adequate. Rather, both in this context and through its own motion for relief from the requirements of rule 9(b), the defendant seeks more time to investigate the case and its possible claims against the plaintiff. For the reasons noted above, the court declines to approach the possibility of future claims on the basis the defendant urges. The better circumstance to address any fraud claims is if and when the defendant in fact formulates a proper basis to allege them.

The entry shall be:

The plaintiff's motion for reconsideration is denied. The defendant's motion for relief is denied. The plaintiff's motion to dismiss the counterclaim is granted in part: counts 2 and 3 of the counterclaim are dismissed without prejudice. Beyond this, the motion to dismiss is denied.

Dated: December 12, 2006

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

2

DANIEL A BRIGGS VS NEW LIFE MISSION
UTN:AOCSsr  -2006-0058599                    CASE #:BANSC-CV-2006-00109
--------------------------------------------------------------------------
DANIEL  A. BRIGGS                                            PL
ATTY FARR, JULIE  Tel# (207) 947-2223
ATTY ADDR:82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339

NEW LIFE MISSION                                            DEF
ATTY MUNCH, JAMES C.  III Tel# (207) 947-6915
ATTY ADDR:23 WATER STREET PO BOX 919 BANGOR ME 04402-0919




M=More, Space = Exit:M

Select the EXIT KEY for page selection line.